# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

RENAY L. WILLIAMS, )
          Plaintiff, )
v. ) No. 05-5098-CV-SW-FJG -SSA
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
          Defendant. )

## ORDER

This is a proceeding under 42 U.S.C. § 1381 et seq., in which plaintiff Renay L. Williams requested review of the Commissioner's decision denying her application for disability benefits. Plaintiff's claims were denied initially. On January 3, 2005, following a hearing, an administrative law judge (ALJ) found that plaintiff was not under a "disability" as defined in the Social Security Act. Subsequently, the Appeals Council of the Social Security Administration denied plaintiff's request for review. Therefore, the decision of the ALJ now stands as the final decision of the Commissioner. Plaintiff's appeal is before the Court on Plaintiff's Social Security Brief (Doc. No. 7). The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205.

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) (1994) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995).

This determination requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1994)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means such evidence that a reasonable mind would accept as adequate to support a conclusion. Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997), citations omitted. The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 672 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish

2

that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

The Court has reviewed the parties' briefs and the record. In this case, the Court cannot find substantial evidence on the record to support the secretary's decision. Specifically, the Court finds the ALJ erred in (1) failing to elicit vocational expert testimony that was consistent with DOT job descriptions; and (2) failing to properly determine plaintiff's RFC based on evidence in the record. Upon remand of this matter, the ALJ should (1) obtain properly supported vocational expert testimony; and (2) consider plaintiff's allegations of panic attacks, bi-polar disorder, and inability to sit for prolonged periods of time in conjunction with formulating plaintiff's RFC.

Therefore, it is **ORDERED** that plaintiff's social security brief (Doc. # 7) is **GRANTED IN PART**, insofar as it requests remand of this matter. The decision of the Secretary is reversed and this case is remanded pursuant to 42 U.S.C. § 405(g)(4) for further proceedings consistent with this Order.

**IT IS SO ORDERED.**


Dated: February 28, 2006                                 **/S/FERNANDO J. GAITAN JR.**
Kansas City, Missouri                                     Fernando J. Gaitan Jr.
                                                                              United States District Judge